## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SERVICE EMPLOYEES INTERNATIONAL )
UNION NATIONAL INDUSTRY )
PENSION FUND, )
11 Dupont Circle, N.W., Suite 900 )
Washington, DC 20036-1202, )
 )
and )
 )
WILLIAM DEMPSEY, RODERICK S. BASHIR, )
KEVIN J. DOYLE, CHRISTOPHER BOUVIER, )
DAVID A. STILWELL, THOMAS LAMARTINA, )
EDWARD J. MANKO, JOHN J. SHERIDAN, )   Case No:
FRANK A. MAXSON, )
TRUSTEES OF THE SERVICE EMPLOYEES )
INTERNATIONAL UNION NATIONAL )
INDUSTRY PENSION FUND, )
11 Dupont Circle, N.W., 9th Floor )
Washington, D.C. 20036, )
 )
     *Plaintiffs,* )
 )
v. )
 )
TANDEM DEVELOPMENT GROUP LCC )
300 North Martingale Road, Suite 750 )
Schaumburg, IL 60173 )
 )
Agent for Service: )
Paul T. Ahern )
52 S. Wynstone Rd )
North Barrington, IL 60010 )
 )
     *Defendant.* )

**Additional Required Service under 29 U.S.C. § 1132(h) to:**

**U.S. Department of Labor**
**Attn: Assistant Solicitor**
 **for Plan Benefits Security**
**200 Constitution Ave., N.W.**
**Washington, DC 20002**

**U.S. Department of Treasury**
**Attn: Secretary of the Treasury**
**1500 Pennsylvania Avenue, NW**
**Washington, D.C. 20220**

## COMPLAINT UNDER ERISA FOR
## INJUNCTIVE RELIEF, ATTORNEYS FEES, AND COSTS

## Introduction, Jurisdiction and Venue

1. This is a civil action brought by an employee benefit plan, and by the Trustees of an employee benefit plan, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), to enforce Defendant's contractual and statutory obligations to provide payroll review records to the Service Employees International Union National Industry Pension Fund.

2. Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. §§1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Service Employees International Union National Industry Pension Fund is administered in this District.

4. Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail on or about the date of filing.

## Parties

5. Plaintiff Service Employees International Union National Industry Pension Fund (the "SEIU Pension Fund" or "Pension Fund"), is an employee benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and a multiemployer plan within the meaning of

Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees, their families and dependents. The SEIU Pension Fund is and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The SEIU Pension Fund is administered at 11 Dupont Circle, N.W., Suite 900, Washington, D.C. 20036.

6. Plaintiff Trustees of the SEIU Pension Fund, William Dempsey, Roderick S. Bashir, Kevin J. Doyle, Christopher Bouvier, David A. Stilwell, Thomas LaMartina, Edward J. Manko, John J. Sheridan, and Frank A. Maxson are the duly authorized Trustees of the SEIU Pension Fund whose duty it is to administer the SEIU Pension Fund for the benefit of the participants and beneficiaries of the SEIU Pension Fund. Plaintiff Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

7. Defendant Tandem Security Development LLC ("Defendant") is an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12), and Section 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

8. Upon information and belief, Defendant is a limited liability corporation formed in the State of Illinois and has a corporate mailing address of 300 North Martingale, Suite 80, Schaumburg, IL 60173.

**Factual Background**

8. At all relevant times, the Service Employees International Union, Local 1 (the "Union") has been the exclusive collective bargaining agent for Defendant's full-time and

regular part-time security officers including working sergeants, working lieutenants, working captains, working dispatchers and supervisory personnel who are permanently assigned to customer sites.

9. At all relevant times, the Defendant was party to a collective bargaining agreement ("Collective Bargaining Agreement" or "CBA") with the Union, effective for the periods of January 1, 2011 through December 31, 2013. A true, correct, and complete copy of the CBA is attached as Plaintiffs' Exhibit 1.

10. Pursuant to Article IX of the CBA, Defendant agreed to become a participating employer in the SEIU Pension Fund and make contributions to the SEIU Pension Fund for all covered employees at the rate of $0.15 per hour for the term of the CBA. Exhibit1, Art. IX, Secs. 1 and 3.

11. Defendant is also independently obligated to make contributions to the SEIU Pension Fund pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, which provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

12. Pursuant to Article IX, Section 4 of the CBA, Defendant expressly "agrees to be bound by provisions of the Agreement and Declaration of Trust establishing the Fund... and by all resolutions and rules adopted by the Trustees…." Exhibit 1, Art. IX, Sec. 4. A true and correct copy of the SEIU Pension Fund's Agreement and Declaration of Trust ("Trust Agreement") is attached hereto as Plaintiffs' Exhibit 2.

13.     Pursuant to Section 3.1 of the Trust Agreement, the Trustees are empowered to create and enforce a collection policy for the assessment of unpaid and delinquent contributions. *See* Exhibit 2 at Section 3.1.  A true and correct copy of the SEIU Pension Fund's Statement of Policy for Collection of Delinquent Contributions ("Collection Policy") is attached as Plaintiff's Exhibit 3.  Pursuant to Article X, Section 2 of the CBA, Defendant expressly "consents to and agrees to be bound by the provisions of such collection policy." Exhibit 1, Art. X, Sec. 2.

14.     At all relevant times, Section 3.1 of the SEIU Pension Fund's Trust Agreement provides that an employer must submit complete remittance reports to the SEIU Pension Fund with the employer's contributions. The remittance report must contain the names of each covered employee and the number of compensable hours for each employee during the reporting month. Exhibit 2, Sec. 3.1.

15.     Section 4 of SEIU Pension Fund's Trust Agreement and Section 5 of the Collections Policy both provide that the SEIU Pension Fund may audit any contributing employer for the purpose of ensuring that such employer has remitted the appropriate amount of contributions to the SEIU Pension Fund. Exhibit 3, Sec. 4; Exhibit 4, Sec. 5. The purpose of a payroll audit is to verify that an employer's monthly self-reporting of employee hours is consistent with the employer's payroll records and state and federal tax filings.

16.     Pursuant to Article X, Section 2 of the CBA, Defendant "acknowledges that the Trustees of the Funds have the Fiduciary obligation under the Employee Retirement Income Security Act of 1974, as amended ('ERISA') to ensure prompt collection of Employer contributions and the resolution of delinquencies through the use of payroll audits..." Exhibit 1, Art. X, Section 2.

17. The SEIU Pension Fund first selected Defendant for an audit for the period of January 1, 2011 through December 31, 2012. The SEIU Pension Fund provided Defendant with notice of its selection for an audit on January 14, 2013, February 22, 2013 and April 22, 2013. In its letters, the SEIU Pension Fund requested that Defendant provide certain documentation necessary to perform the payroll review. Defendant failed to respond to these letters. True and correct copies of the SEIU Pension Fund's letters informing Defendant of the audit are attached as Plaintiff's Exhibit 4. The SEIU Pension Fund reiterated its requests of the Defendant for the information and documentation necessary to complete an audit of Defendant's contributions to the SEIU Pension Fund on April 22, 2013, June 23, 2013, and November 20, 2013. *See* Exhibit 4.

18. The SEIU Pension Fund first selected Defendant for an audit for the period of January 1, 2013 through December 31, 2013. The SEIU Pension Fund provided Defendant with notice of its selection for an audit on March 3, 2013, April 3, 2014 and May 5, 2014. In its letters, the SEIU Pension Fund requested that Defendant provide certain documentation necessary to perform the payroll review. *See* Exhibit 4. The SEIU Pension Fund reiterated its requests of the Defendant for the information and documentation necessary to complete both audits of Defendant's contributions to the SEIU Pension Fund on May 5, 2014 and July 23, 2014. *See* Exhibit 4. Despite e-mail and telephone correspondence, Defendant has ultimately failed and refused to provide the necessary documents in response to the SEIU Pension Fund's requests.

19. Section 4, Paragraph 9 of the Collection Policy provides that if an employer fails to make available records requested for an audit within 60 days of the request date and the SEIU

Pension Fund is forced to commence a lawsuit to compel compliance, the employer will be liable for all attorneys' fees and costs incurred by the SEIU Pension Fund in enforcing its right to review the employer's records. As of the date of this Complaint, due to Defendant's non-compliance, the SEIU Pension Fund has been unable to perform an audit on Defendant as provided for in the Collection Policy.

### **Count I**

20.    Plaintiffs reallege and incorporate Paragraphs 1 through 19.

21.    This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145.

22.    Pursuant to the SEIU Pension Fund's Trust Agreement and Collection Policy, as well as Defendant's obligations under the applicable collective bargaining agreement and under ERISA, Defendant is obligated to provide information so that the SEIU Pension Fund may perform an audit to verify that Defendant has remitted the appropriate amount of contributions to the SEIU Pension Fund.

23.    Prior to commencing this lawsuit, the SEIU Pension Fund sent several letters and attempted to directly contact Defendant to obtain the information necessary to perform audits for the period of January 1, 2012 to December 31, 2013. Defendant has not responded to these letters with the documents requested. There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the SEIU Pension Fund.

24.    Under Section 502(g) of ERISA, Plaintiff Pension Fund is entitled to recover all costs of this action from the Defendant, including reasonable attorneys' fees and court costs.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1. Declare that Defendant is in violation of its contractual and statutory obligations by failing and refusing to provide payroll review records to the SEIU Pension Fund pursuant to the Collective Bargaining Agreement, the SEIU Pension Fund's Trust Agreement, and the SEIU Pension Fund's Collection Policy;

2. Enter an injunction requiring the Defendant to timely provide such information as is requested by the Fund in order to perform an audit of the Defendant;

3. Enter judgment for Plaintiffs' attorneys' fees and costs incurred in this action, as required by the Trust Agreement, the Collection Policy, and Section 502(g) of ERISA;

4. Enter judgment for Plaintiffs' in the amount of all other legal costs incurred in Plaintiffs' efforts to compel Defendant's compliance prior to this action.

5. Retain jurisdiction of this case pending Defendant's compliance with the Court's orders; and

6. Grant such further relief as the Court may deem appropriate.

Respectfully submitted,

\_\_/s/ Olga Metelitsa_____
Olga Metelitsa (D.C. Bar # 1016248)
Mooney, Green, Saindon,
   Murphy & Welch, P.C.
1920 L Street, NW
Washington, D.C.  20036
(202) 783-0010
(202) 783-6088 Facsimile

*Counsel for the Plaintiffs*

**CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)**

I hereby certify that on this 4th day of November, 2016, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR INJUNCTIVE RELIEF, ATTORNEYS FEES, AND COSTS was served via certified mail on:

U.S. Department of Labor
Attn: Assistant Solicitor for Plan Benefits Security
200 Constitution Ave., N.W.
Washington, DC 20002

U.S. Department of Treasury
Attn: Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

    __/s/ Olga Metelitsa_____
    Olga Metelitsa