UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                          )
SERVICE EMPLOYEES                         )
INTERNATIONAL NATIONAL                    )
INDUSTRY PENSION FUND, et al.,            )
                                          )
            Plaintiffs,                   )
                                          )
    v.                                    )   Civil Action No. 16-2524 (ABJ)
                                          )
TANDEM DEVELOPMENT                        )
GROUP, LLC,                               )
                                          )
            Defendant.                    )
                                          )
```

## MEMORADUM OPINION

Plaintiffs Service Employees International National Pension Fund ("SEIU Pension Fund" or "Fund") and the Trustees of the Fund brought this action against defendant Tandem Development Group, LLC,[1] pursuant to the Employee Retirement Income Security Act ("ERISA"), *as amended*, 29 U.S.C. § 1132 *et seq*. Compl. [Dkt. # 1]. They allege that defendant failed to submit certain payroll records to the Fund in violation of the parties' collective bargaining agreement, and that defendant failed to submit to mandatory payroll audits. Compl. ¶¶ 14, 17–18.

---

1   In the caption of the complaint, plaintiffs name "Tandem Development Group LLC." Compl. [Dkt. # 1]. But in the caption listed on the docket of the court's electronic filing system, plaintiffs named "Tandem Development Corporation" as defendant. Elsewhere in the complaint, they refer to defendant as "Tandem Security Development LLC." Compl. ¶ 7. The Court believes that "Tandem Development Group LLC" is the proper defendant in this action because that is the party against whom the lawsuit was filed, that is the name reflected in the civil cover sheet and summons filed by plaintiffs, *see* Civil Cover Sheet [Dkt. # 1-1]; Summons [Dkt. # 1-2], and that is the party named in the collective bargaining agreement at the heart of this case. Ex. 1 to Compl. [Dkt. # 1-3]*; but see* Ex. 4 to Compl. [Dkt. # 1-6] (pre-suit letters from plaintiffs to defendant in the name of "Tandem Security Development"). The Clerk of Court is directed to amend the caption to reflect that "Tandem Development Group, LLC" is the sole defendant in this action.

Now pending before the Court is plaintiffs' motion for an entry of default judgment. Pls.' Mot. for Default J. [Dkt. # 11] ("Pls.' Mot."); Pls.' Mem. in Supp of Pls.' Mot. [Dkt. # 11-1] ("Pls.' Mem."). Plaintiffs seek injunctive relief in the form of the payroll reports and they request a court order requiring defendant to submit to the payroll audits and to pay reasonable attorneys' fees and costs. Pls.' Mem. at 11–12. Having considered plaintiffs' submissions, applicable case law, statutory authority, and the record as a whole, the Court will grant plaintiffs' motion for default judgment.

**BACKGROUND**

In January 2011, plaintiffs and defendant entered into a collective bargaining agreement Compl. ¶ 9; Ex. 1 to Compl. [Dkt. # 1-3] ("CBA"). As part of the CBA, defendant agreed to abide by a Trust Agreement, under which employers must "contribute to the [SEIU Pension] Fund the required contributions and shall make such reports to the Fund as may be required by the Trustees." Ex. 2 to Compl. [Dkt. # 1-4] ("Trust Agreement") § 3.1; CBA at 15; *see also* Compl. ¶ 14. Under the Trust Agreement, an employer must submit "remittance reports" that contain "the names of each covered employee and the number of compensable hours for each employee during the reporting month," along with the corresponding contributions. Compl. ¶ 14. Pursuant to the Trust Agreement and the CBA, "[d]efendant was required to contribute $0.15 per hour for each hour worked by covered employees." *Id.* ¶ 10; CBA at 19.

The CBA also includes a collection policy, and that policy includes a provision requiring defendant to submit to a "compliance audit program," through which "[a]ll contributing Employers are to be audited at least once over a six-year period." CBA Collection Policy [Dkt. # 1-3] ¶ 7. The complaint states that the purpose of a payroll audit "is to verify that an employer's monthly self-reporting of employee hours is consistent with the employer's payroll records and state and federal tax filings." Compl. ¶ 15. The parties agreed in the Trust Agreement that the Fund could

2

"examine payroll and other pertinent records of any Employer whenever such examination is deemed necessary or advisable." Trust Agreement § 5.1(14).

The Fund exercised its authority and selected defendant for two payroll audits for the periods of January 2011 through December 2012 and January 2012 through December 2013. Compl. ¶¶ 17–18. Plaintiffs sent several letters to defendant about each audit, "informing Defendant of the audit" and requesting "certain documentation necessary to perform the payroll review." *Id.* Defendant failed to respond to these letters and failed to provide the required payroll records. *Id.*

Plaintiffs filed a complaint with this Court on December 29, 2016, to "enforce Defendant's contractual and statutory obligations to provide payroll review records" to the SEIU Pension Fund. Compl. ¶ 1. Defendant was served on February 16, 2017, *see* Aff. of Special Process Server [Dkt. # 6], but it did not file an answer or otherwise respond to the complaint. Plaintiffs then filed an affidavit for default, Pls.' Aff. for Clerk's Entry of Default [Dkt. # 7], and the Clerk of Court entered defendant's default. Clerk's Entry of Default [Dkt. # 10]. Plaintiffs then filed a motion for default judgment, requesting a Court order to require defendant to provide the payroll reports and submit to the audit of its books and records, and seeking attorneys' fees and costs. Pls.' Mot. at 1.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After a default has been entered, a court may enter a default judgment order pursuant to Rule 55(b). Whether default judgment is appropriate is in the discretion of the trial court. *Keegel*

*v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980); *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). Upon entry of default by the clerk of the court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co., Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002), citing *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63 (2d Cir. 1971). "Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." *Id.*, citing *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Accordingly, when moving for a default judgment, the plaintiff must prove its entitlement to the amount of monetary damages requested. *Id.* (citation omitted). "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.* (citation omitted)

## ANALYSIS

Given "the absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense," the Court concludes that default judgment is appropriate in this case. *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008), quoting *Gutierrez v. Berg Contracting Inc.,* No. 99-3044, 2000 WL 331721, at *1 (D.D.C. Mar. 20, 2000). The Clerk of Court has already entered defendant's default, so the factual allegations in the complaint are therefore taken as true. *See R.W. Amrine Drywall Co., Inc.*, 239 F. Supp. 2d at 30. The Court finds that plaintiffs' complaint sufficiently alleges facts to support its claims, and therefore, plaintiffs are entitled to default judgment on the question of defendant's liability for its failure to turn over the required payroll records and submit to the required audits.

**I. Plaintiffs are entitled to the payroll review records, and the Court will order defendant to cooperate with the required audits.**

Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan . . . under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of . . . such agreement." 29 U.S.C.A. § 1145. ERISA also requires that the court "shall award . . . such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2)(e). This relief can include an injunction requiring a defendant to permit, and cooperate with, an audit of its books and records. *See, e.g.*, *Boland v. Smith & Rogers Constr. Co.*, 201 F. Supp. 3d 144, 150 (D.D.C. 2016) (directing the defendant to "deliver its books and records . . . to Plaintiffs' auditor and pay any delinquent contributions uncovered through the audit").

Defendant has failed to submit to the required payroll audits for the years 2011, 2012, and 2013 and it has also not provided the necessary payroll reports. Compl. ¶ 17–18; *see also* CBA at 15; Trust Agreement § 5.1(14). Until those reports are received, the Court cannot determine if defendant owes any additional contributions to plaintiffs because "the Fund has no way of verifying, absent an audit, whether the hours or salaries reported in the employer's reports, and as a result, the owed contributions, accurately reflect the number of hours that covered employees actually worked or the amounts that covered employees were actually paid." Decl. of Andre Joseph [Dkt. # 11-1] ¶ 11; *see Serv. Emps. Int'l Union Nat. Indus. Pension Fund v. Artharee*, 942 F. Supp. 2d 27, 30 (D.D.C. 2013) (holding that an employer must submit its delinquent remittance reports before the Court can calculate the specific amount of damages owed to a multiemployer plan plaintiff).

In this case, "equitable relief is warranted because defendant 'has demonstrated no willingness to comply with either its contractual or statutory obligations or to participate in the judicial process.'" *Fanning v. Warner Ctr., L.P.*, 999 F. Supp. 2d 263, 267 (D.D.C. 2013), quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. Zak Architectural Metal & Glass, LLC*, 635 F. Supp. 2d 21, 26 (D.D.C. 2009). So the Court will grant plaintiffs' motion for injunctive relief and order defendant to submit the payroll records and cooperate with the audits.

## II. Plaintiffs must submit more information before the Court orders an award of attorneys' fees and costs.

Plaintiffs have also requested that the Court order defendant to pay $6,925.50 in attorneys' fees and $566 in costs associated with this case. Pls.' Mem. at 11. ERISA provides that if the action is brought under section 1145 to recover contributions to a multiemployer plan pursuant to a collective bargaining agreement, "the court shall award the plan . . . reasonable attorney's fees and costs" if the plan receives a judgment in its favor. 29 U.S.C. § 1132(g)(2)(D).

The "reasonableness of the fees requested by the plaintiff is a 'judgment call' which only the court can make." *Amrine Drywall*, 239 F. Supp. 2d at 31, quoting *Combs v. Coal & Mineral Mgmt. Servs., Inc.*, 105 F.R.D. 472, 475 (D.D.C. 1984). Reasonable attorneys' fees are calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *see Bd. of Trs. of Hotel & Res. Emps. Local 25 v. JPR, Inc.*, 136 F.3d 794, 801 (D.C. Cir. 1998) (applying this standard in calculating attorneys' fees under ERISA). When preparing a fee application, plaintiffs must provide the Court with "sufficiently detailed information about the hours logged and the work done" "based on contemporaneous time records" in order to justify the hours expended. *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982). And the reasonableness of the hourly rate is determined by referencing the "prevailing market rates in the relevant community"

and producing "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community." *Blum*, 465 U.S. at 895.

To establish the amount of attorneys' fees owed by defendant, plaintiffs submitted a declaration from its lead attorney, Olga Metelitsa Thall. Decl. of Olga Metelitsa Thall in Supp. of Mot., Ex. 2 to Pls.' Mot. [Dkt. # 11-3] ("Thall Decl."). The declaration includes documentation listing the hours expended by each attorney or staff member for each task performed in the present case. Slip Listing, Ex. A to Thall Decl. [Dkt. 11-3] ("Time Records").

Although plaintiffs do provide sufficient information regarding the hours expended in this case in the form of contemporaneous time records, the Court has no reference point to determine the reasonableness of the hourly rates. The affidavit does not provide the extent of each biller's legal experience in order to inform a comparison to the prevailing market rates, nor does the affidavit point to additional evidence of prevailing market rates such as the *Laffey* Matrix or the U.S. Attorney's Office Matrix, which the D.C. Circuit has "previously said litigants may rely upon when seeking fees." *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 970 (D.C. Cir. 2004). Absent such information, the Court cannot determine at this time whether the proposed hourly rates are reasonable.

Accordingly, before the Court awards plaintiffs their requested attorneys' fees, plaintiffs must submit "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community" for attorneys, paralegals, and law clerks involved in ERISA litigation. *See Blum*, 465 U.S. at 895.

## CONCLUSION

The Court will grant plaintiffs' motion for default and order defendant to provide the missing reports and comply with the payroll audits. The Court will retain jurisdiction to enter judgment for any contributions, interest, or liquidated damages determined to be owed based on

7

the remittance reports and audits. And the Court will enter a final attorneys' fees and costs award after the Court receives additional information supporting the request for fees and costs.

A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: August 16, 2017